**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1748-L** |
| | § | |
| **NELSON MOLINA,** | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT AS TO DEFENDANT NELSON MOLINA

The court **issues** this Final Judgment pursuant to its Order, filed earlier today, and the parties' settlement agreement, in favor of the Securities and Exchange Commission and against Nelson Molina ("Defendant") as follows:

I.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b-5

It is hereby **ordered, adjudged,** and **decreed** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## DISGORGEMENT AND CIVIL PENALTY

It is further **ordered, adjudged,** and **decreed** that Defendant is liable for disgorgement of $78,460, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,564, for a total of $80,024.  Defendant shall also pay a civil penalty in the amount of $39,230 to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].   Defendant shall satisfy this obligation by paying a total of $119,254 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

**Final Judgment – Page 2**

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Nelson Molina as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by moving for civil contempt (or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay postjudgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.

## CONSENT

It is further **ordered, adjudged,** and **decreed** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements therein set forth.

IV.

## BANKRUPTCY NONDISCHARGEABILITY

It is further **ordered, adjudged,** and **decreed** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

## RETENTION OF JURISDICTION

It is further **ordered, adjudged,** and **decreed** that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

## WAIVER OF RIGHT TO APPEAL

Defendant has waived any right to appeal from this Final Judgment.

Signed this 31st day of July, 2018.


_____
Sam A. Lindsay
United States District Judge

**Final Judgment – Page 4**